UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHELE L. SCHNICKER, Individually, and as the Executor of the Estate of DOUGLAS J. SCHNICKER, Deceased, WILLIAM KRAPFL, and BECKY SUE KRAPFL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SATWINDER PAL GAKHAR and AUTOBAHN FREIGHT LINES LIMITED, a Corporation,<br><br>　　　　Defendants. | Case No. 4:13-cv-4050-SLD-JAG |

ORDER

On June 11, 2013, Plaintiffs filed this wrongful death and personal injury lawsuit, alleging that Defendant Gakhar negligently and carelessly drove his semi-truck on Highway 34, which caused an accident that killed Douglas Schnicker and injured William Krapfl. Plaintiffs invoke the diversity jurisdiction of this Court. But the allegations in the complaint do not support that invocation.

DISCUSSION

District Courts have subject matter jurisdiction over diversity actions only if the citizenship of all plaintiffs is diverse from the citizenship of all defendants—no plaintiff and defendant can be a citizen of the same State. 28 U.S.C. §1332(a); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). In any case premised on diversity jurisdiction, this Court must independently determine whether the parties meet the diversity requirements of § 1332. *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 533 (7th Cir. 2007). This task is only possible when the citizenship of each party to the litigation is properly alleged. *Id.*

1

### I. Citizenship of the Plaintiffs

Michele Schnicker sues both as an individual and as the executor of her husband's estate. Plaintiffs allege that Michele Schnicker is a citizen of Iowa. Compl. at ¶ 4 (Count I), ECF No. 1. As such, no defendant can be a citizen of Iowa. When a plaintiff is a representative of a decedent, as is the case here, the plaintiff's citizenship is the citizenship of the decedent at the time of his death. 28 U.S.C. § 1332(c)(2); *Hunter v. Amin*, 583 F.3d 486, 492 (7th Cir. 2009). Plaintiffs only allege that the decedent resided with Michele Schnicker at the time of his death. Compl. at ¶ 11 (Count I). But merely alleging residence is not sufficient to establish citizenship. *See, e.g., Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam) (alleging residence but not domicile presents a "genuine jurisdictional problem"). The citizenship of an individual is based on domicile, not on residence. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). By failing to properly allege the citizenship of the decedent at the time of his death, Plaintiffs have failed to identify the citizenship of Michele Schnicker as the executor of her husband's estate.

Turning to William and Becky Sue Krapfel, Plaintiffs again only allege residence. Compl. at ¶ 4 (Count II). As just explained, Plaintiffs have therefore failed to properly allege the citizenship of William or Becky Sue Krapfel. *Northern League, Inc.*, 558 F.3d at 614.

In sum, Michele Schnicker, in her individual capacity, is alleged to be a citizen of Iowa. The citizenship of Michele Schnicker, in her capacity of executor of Douglas Schnicker's estate, is unknown. The citizenships of William and Becky Sue Krapfel are likewise unknown.

### II. Citizenship of Defendants

Plaintiffs allege that although Defendant Satwinder Pal Gakhar is a resident of both India and Canada, he is a citizen of India. Compl. at ¶ 5 (Count I). Under 28 U.S.C. § 1332(a)(2), citizens of a foreign State are considered diverse to citizens of the United States unless the

citizen of the foreign State is (1) lawfully admitted for permanent residence in the United States and (2) domiciled in the same State as a Plaintiff.  This exception is not alleged to apply here; Plaintiffs have therefore properly alleged Gakhar's citizenship.

Finally, a foreign corporation is deemed to be a citizen of every State or foreign State by which it has been incorporated and also the State or foreign State where it has its principle place of business. 28 U.S.C. §1332(c)(1).  Plaintiffs allege that Defendant Autobahn Freight Lines Limited is a Canadian corporation, but they fail to allege the location of its principle place of business.  Compl. at ¶ 5 (Count I).  Accordingly, the citizenship of Defendant Autobahn is incomplete.

In sum, Defendant Gakhar is alleged to be a citizen of India.  Defendant Autobahn is alleged to be a citizen of Canada, but full scope of Autobahn's citizenship is unknown because its principal place of business has not been alleged.

## CONCLUSION

Plaintiffs are ordered to file, on or before June 26, 2013, a supplemental jurisdictional statement in which the invocation of diversity jurisdiction is properly supported by factual allegations of citizenship.  Failure to do so will result in dismissal of this lawsuit for lack of jurisdiction.

Entered this 12th day of June, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

3